

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00135-CV

---

### IN THE INTEREST OF A.T., A CHILD

---

On Appeal from County Court at Law Number 1
Potter County, Texas
Trial Court No. 095005-1-FM, Honorable Walt Weaver, Presiding

---

August 17, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California.*[1]  Appellant, C.G., appeals from the trial court's order terminating her parental rights to her daughter, A.T.[2]  We affirm the termination order but

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  The procedures set forth in *Anders*, pertaining to a non-meritorious appeal of a criminal conviction, are applicable to the appeal of an order terminating parental rights.  *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).  The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

[2] To protect the privacy of the parent and her child, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d).  *See also* TEX. R. APP. P. 9.8(b).

defer ruling on counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d 25, 27 (Tex. 2016) (per curiam).

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by (1) providing a copy of the brief to C.G. and (2) notifying her of the right to file a pro se response if she desired to do so. *Id.* By letter, this Court also granted C.G. an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. She did not file a response. The Department notified this Court it would not file a response unless specifically requested to do so. No such request was made.

## BACKGROUND

A.T. was born in July 2020. C.G. is possessory conservator of an older child who resides with his father in California.[3] When A.T. was four months old, she was taken to the hospital because she was not eating or drinking and had been shaking the previous night. The child tested positive for amphetamines. Appellee, the Texas Department of Family and Protective Services, removed the child from C.G.'s care, placed her in foster care, and initiated termination proceedings. C.G. was provided with a family service plan with a goal of reunification. She worked her services and was able to obtain a monitored return of her child within six months.

---

[3] The older child's father is not A.T.'s biological father. In the underlying proceeding, the trial court terminated the parental rights of A.T.'s alleged father.

Thereafter, C.G. and A.T. tested positive for drugs and the child was returned to foster care. C.G. continued with her service plan and service providers offered positive feedback of her participation. She obtained a second monitored return pursuant to an agreed order. Months later, the Department again moved to return A.T. to foster care due to C.G.'s continued drug use. The court ordered A.T., now two years old, to be returned to the Department's care.[4] When a permanency specialist went to the home to execute the court's order, she discovered it was empty. She then drove to an address for C.G.'s last known boyfriend and found that home empty also. Law enforcement was contacted to investigate the child's disappearance.

C.G. eventually communicated with the Department by text to inquire about next steps if A.T. was in Las Vegas with an approved family member (C.G.'s grandmother). The caseworker responded she was in "defiance of court order" and needed to return immediately because there was "NO APPROVED OUT OF STATE PLACEMENT." The Department moved for a writ of attachment for the child, which was issued. C.G. and her grandmother refused to comply with the writ. A complaint for interference with child custody was filed against C.G. She and A.T. were located in California. They returned to Texas several months later with the assistance of California law enforcement.

Thereafter, A.T. tested positive for cocaine and methamphetamine. Despite C.G.'s substantial compliance with her service plan, she was unable to maintain a drug-free lifestyle, and A.T. tested positive for drugs on four separate occasions all while in her

---

[4] The monitored returns extended the dismissal date.

mother's care. C.G. disputed some of the test results and explained that A.T. could have tested positive due to someone else's drug use.

C.G. continued to participate in services and cooperated with the Department. She was employed and had a clean and stable home. She offered a maternal family member in Houston as a possible placement for A.T. who was willing to adopt her.[5] The caseworker expressed concern that C.G.'s pattern of drug use posed a danger to A.T. In the caseworker's opinion, it was in A.T.'s best interest at her young age to have permanent placement in a drug-free environment.

After the Department rested, counsel for C.G. explained C.G. was exercising her Fifth Amendment right not to testify due to pending criminal charges. The trial court announced it was in A.T.'s best interest to terminate C.G.'s parental rights on the following statutory grounds:

(1) knowingly placed or knowingly allowed her child to remain in conditions or surroundings which endangered her physical or emotional well-being;

(2) engaged in conduct or knowingly placed her child with persons who engaged in conduct which endangered her physical or emotional well-being;

(3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the child's return who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the child's removal from the parent under chapter 262 for abuse or neglect; and

(4) used a controlled substance as defined by chapter 481 of the Texas Health and Safety Code in a manner that endangered the health or safety of the child and (1) failed to complete a court-ordered substance abuse treatment program; or (2) after completion of a court-ordered

---

[5] A home study was pending at the time of the final hearing.

4

substance abuse treatment program, continued to abuse a controlled substance.

The trial court also found termination of C.G.'s parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O), (P), (b)(2). After a de novo hearing, the trial court approved and adopted the associate judge's order terminating C.G.'s parental rights.

## APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes one or more acts or omissions enumerated under section 161.001(b)(1) and termination of that relationship is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2). *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence. § 161.206(a). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007.

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest. *In re K.C.B.*, 280 S.W.3d 888, 894–95 (Tex. App.—Amarillo 2009, pet. denied). In reviewing a termination proceeding, the standard for sufficiency of the evidence is that discussed in *In re K.M.L.*, 443 S.W.3d

5

101, 112–13 (Tex. 2014). In reviewing a best-interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371–72.[6]

There is a strong presumption the best interest of the child will be served by preserving the parent-child relationship. *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006). Prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. *See* § 263.307(a). To assess the trial court's best-interest finding, we consider factors enumerated in the non-exhaustive list set forth in section 263.307(b) of the Family Code. One of those factors is providing the child with a safe physical home environment. § 263.307(b)(12)(D).

Evidence supporting one or more statutory grounds for termination may also constitute evidence illustrating termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. *See also In re E.C.R.*, 402 S.W.3d 239, 249–50 (Tex. 2013). The best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as direct evidence. *See In re N.R.T.*, 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.). Additionally, a child's need for permanence through the establishment of a "stable, permanent home" has been recognized as the paramount

---

[6] Those factors include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. The absence of evidence of one or more of these factors does not preclude a fact finder from reasonably forming a strong conviction or belief that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002).

consideration in determining best interest.  *See In re I.O.*, 645 S.W.3d 895, 904 (Tex. App.—Amarillo 2022, no pet.).

## ANALYSIS

By the *Anders* brief, counsel thoroughly reviews the evidence and concludes it is sufficient to support termination under subsection (E) and the trial court's best-interest finding.  *See In re N.G.*, 577 S.W.3d 230, 235–36 (Tex. 2019).  *See also In re P.S.*, No. 07-22-00167-CV, 2022 Tex. App. LEXIS 6124, at *3 n.2 (Tex. App.—Amarillo Aug. 19, 2022, pet. denied) (mem. op.).

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  After reviewing the record and counsel's brief, we agree with counsel there is no plausible basis for reversal.

Our inquiry continues under the Supreme Court's directive to review the trial court's findings under section 161.001(b)(1)(D) or (E) to determine if either finding is supported by clear and convincing evidence even when another ground for termination is sufficient because of the potential consequences for future terminations under subsection (M).  *See In re N.G.*, 577 S.W.3d at 234–36.[7]  Subsection (M) provides for termination of parental

---

[7] This Court has applied *In re N.G.* to appeals from terminations presented as *Anders* appeals. *See In re R.M.*, No. 07-22-00108-CV, 2022 Tex. App. LEXIS 6398, at *2 (Tex. App.—Amarillo Aug. 25, 2022, no pet.) (mem. op.); *In re M.L.*, No. 07-21-00160-CV, 2021 Tex. App. LEXIS 9781, at *7–10 (Tex.

rights to another child if the parent has previously had parental rights terminated based on a finding the parent's conduct violated subsection (D) or (E). *See* § 161.001(b)(1)(M). An appellate court deprives a parent of a "meaningful appeal and eliminates the parent's only chance for review of a finding that will be binding as to parental rights to other children" if that court does not review a termination based upon either of those grounds. *In re N.G.*, 577 S.W.3d at 235 (citing *In re S.K.A.* 236 S.W.3d 875, 890 (Tex. App.—Texarkana 2007, pet. denied)).

Subsection (E) permits termination when clear and convincing evidence shows a parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the child's physical or emotional well-being. *See* § 161.001(b)(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's physical or emotional well-being was the direct result of the parent's conduct, including acts, omissions, and failures to act. *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Amarillo 2003, no pet.). Subsection (E) requires a voluntary, deliberate, and conscious course of conduct by a parent. *In re M.M.*, 584 S.W.3d 885, 890 (Tex. App.—Amarillo 2019, pet. denied).

Counsel's analysis under subsection (E) supports termination. We reach the same conclusion in our independent review of the record. Despite all of C.G.'s efforts and two monitored returns, she engaged in a voluntary and deliberate course of conduct of continued drug use which resulted in her very young daughter testing positive for controlled substances on four separate occasions while in C.G.'s care. The caseworker

---

App.—Amarillo Dec. 8, 2021, no pet.) (mem. op.); *In re J.N.*, 07-21-00151-CV, 2021 Tex. App. LEXIS 9087, at *2 (Tex. App.—Amarillo Nov. 8, 2021, no pet.) (mem. op.).

testified C.G.'s continued drug use was dangerous to A.T. and could affect her physical and emotional welfare. *See In re M.M.*, No. 07-19-00324-CV, 2020 Tex. App. LEXIS 2203, at *10–11 (Tex. App.—Amarillo March 16, 2020, pet. denied) (mem. op.) (noting the decision to engage in illegal drug use during the pendency of a termination suit, when the parent is at risk of losing a child, supports a finding the parent engaged in conduct that endangered the child's physical or emotional well-being).

## CONCLUSION

The trial court's *Order of Termination* is affirmed. We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. *In re P.M.*, 520 S.W.3d at 27.

Alex Yarbrough
Justice